UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA WINTERS, | |
| Plaintiff, | Case No. 1:19-cv-572 |
| v. | **COMPLAINT** |
| SPRING CREEK NURSING & REHAB CENTER, LLC, | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiff, DEBRA WINTERS, by and through her attorneys, and for her Complaint against the Defendant, SPRING CREEK NURSING & REHAB CENTER, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is a complaint for damages, equitable relief, and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as amended.

## JURISDICTION AND VENUE

2. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

   a. Plaintiff filed a Charge of Discrimination, number 440-2018-00995, with the Equal Employment Opportunity Commission ("EEOC") on September 23, 2017.

   b. The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on October 31, 2018.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an individual who at all relevant times resided in Hammond, Indiana.

6. On information and belief, Defendant is limited liability company of the State of Illinois, which has its principal place of business in Joliet, Illinois.

7. Plaintiff and Defendant are each "persons" as defined in 42 U.S.C. § 12111(7), as they meet the definition of a person as defined in 42 U.S.C. § 2000e(a), in that they both "include[] one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations…."

8. Defendant is an "employer" as defined in 42 U.S.C. § 12111(5)(A), as it is a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

9. Plaintiff is an "employee" as defined in 42 U.S.C. § 12111(4), as she is an individual who was employed by the Defendant, an employer.

10. Plaintiff was a "qualified individual" as defined in 42 U.S.C. § 12111(8), as she was an individual who, with or without reasonable accommodation, could perform the essential functions of the employment position that she held.

## BACKGROUND FACTS

12. Plaintiff suffers from diabetes, neuropathy in her feet stemming from her diabetes, and herniated discs in her back.

13. These conditions are "disabilities" as defined in 42 U.S.C. § 12102(1), as they are physical and/or mental impairments that substantially limit one or more major life activities of

Plaintiff.

14. Plaintiff began her employment with Defendant during or about December 2016.

15. Plaintiff's most recent position with Defendant was as a Restorative Director.

16. During her employment Plaintiff performed her duties to all legitimate expectations.

17. The position for which Plaintiff applied, and for which she was hired, was primarily a computer-based job.

18. Plaintiff was able to perform all of her duties of the position for which she was hired without accommodations for her disabilities because she was able to sit and work from a desk.

19. Plaintiff intentionally did not apply for or accept a position as a floor nurse with Defendant because Plaintiff knew that due to her disabilities, she could not perform the essential functions and duties of a floor nurse position.

20. On April 10, 2017, Defendant's Director of Nursing, Nannette Burbane ("Burbane"), requested that Plaintiff pass medications to patients on floor duty, requiring Plaintiff to stand and walk for extended periods of time.

21. Plaintiff informed Burbane that she could not pass medications to patients on floor duty because of her disabilities, and instead offered, as a reasonable accommodation, that she be allowed to pass medications to patients from the nursing station.

22. Burbane stated that passing medication to patients from the nursing station was unacceptable, and that Tasha Mitchell ("Mitchell") would contact Plaintiff to discuss the situation.

23. Shortly thereafter, Mitchell placed a telephone call to Plaintiff. During the conversation that ensued, Mitchell stated to Plaintiff that she knew of Plaintiff's disabilities

because of Plaintiff's use of the disabled parking area.

24. Mitchell requested Plaintiff submit a disability letter and a note from her doctor, explaining Plaintiff's limitations due to her disabilities.

25. On April 11, 2017, before Plaintiff was able to submit the requested paperwork to Mitchell, Plaintiff was called into Mitchell's office and her employment was terminated.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

26. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 25 above as if reiterated herein.

27. Defendant intentionally discriminated against Plaintiff on the basis of her disabilities by refusing to provide reasonable accommodations for Plaintiff's disabilities, and by terminating Plaintiff's employment due to her disabilities.

28. In taking such actions, Defendant also retaliated against Plaintiff because of her disabilities and/or her requests for reasonable accommodations due to her disabilities.

29. Defendant, through its employees, agents and/or authorized representatives, knew that its retaliation, termination, and discriminatory treatment of Plaintiff violated the ADA.

30. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

31. During Plaintiff's employment with Defendant and when Plaintiff was terminated by Defendant, she was subjected to discrimination and retaliation for engaging in a legally protected activity, as set forth above.

32. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents and/or authorized representatives of Defendant.

Wherefore, Plaintiff, DEBRA WINTERS, respectfully prays this Honorable Court enter judgment against Defendant, SPRING CREEK NURSING & REHAB CENTER, LLC, as follows:

a. Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate or retaliate against employees exercising their rights under the ADA;

d. Immediately assigning Plaintiff to the position She would now be occupying but for the discriminatory and retaliatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which She would have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant and the willful violations of Defendant;

5

    f.      Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory and retaliatory practices of Defendant, and for the willful violations of Defendant;

    g.      Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

    h.      Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

DEBRA WINTERS

By:    /s/ David B. Levin
          Attorney for Plaintiff
          Illinois Attorney No. 6212141
          Law Offices of Todd M. Friedman, P.C.
          333 Skokie Blvd., Suite 103
          Northbrook, Illinois 60062
          Phone: (224) 218-0882
          Fax: (866) 633-0228
          dlevin@toddflaw.com